UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN TIMOTHY BRANTLEY,

Plaintiff,

v. Case No: 2:15-cv-802-FtM-29CM

DRUG ENFORCEMENT ADMINISTRATION,

Defendant.

---

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Reconsideration (Doc. 30) filed on November 8, 2016. Defendant filed a response in opposition. Doc. 31. The motion, therefore, is ripe for review. For the reasons that follow, the motion is due to be denied.

### I. Background

On December 28, 2015, Plaintiff filed his Complaint for Declaratory and Injunctive Relief against the Drug Enforcement Administration ("DEA"). Doc. 1. On August 1, 2016, Plaintiff filed a Request for Clerk's Entry of Default Judgment ("Motion for Default Judgment"). Doc. 18. Thereafter, on September 6, 2016, the DEA filed its Answer and Affirmative Defenses. Doc. 19. On September 19, 2016, Plaintiff filed a Notice with the Court advising that he "filed an improper motion for Clerk's entry of default judgment against Defendant," Doc. 20 at 1, and simultaneously filed a Motion for Clerk's Default Against Defendant Drug Enforcement Agency ("Motion for Clerk's Default"). Doc. 21. Based on the Notice

and the subsequent Motion for Clerk's Default, the Court denied Plaintiff's motion for Default Judgment as moot. Doc. 23.

The Court denied Plaintiff's Motion for Clerk's Default because the DEA filed its answer and affirmative defenses before Plaintiff filed his motion. Doc. 28 at 3. The Court also considered whether there was a meritorious defense to Plaintiff's claims and found that the DEA's Answer and Affirmative Defenses provides a hint of suggestion of a meritorious defense to Plaintiff's alleged claims; thus, default was not appropriate. *Id.* Plaintiff now challenges the Court's decision on the basis that he filed his Motion for Default Judgment before the DEA filed its answer. Plaintiff argues that if the Clerk issued a default at the time he filed his Motion for Default Judgment, Plaintiff would have moved for default judgment in a timely manner before the DEA filed its Answer and Affirmative Defenses. Doc. 30 at 4.

## II. Discussion

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F.

Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration. *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

Here, Plaintiff has not demonstrated any ground to justify the Court reconsidering its prior Order. Plaintiff has shown neither an intervening change in controlling law since the Court's Order nor new evidence that has become available. He similarly fails to show how reconsideration is necessary to correct a clear error or prevent manifest injustice. As stated, Plaintiff challenges the Court's decision on the basis that he filed his Motion for Default Judgment before the DEA filed its answer. His motion for Default Judgment, which cited to Federal Rule of Civil Procedure 55(b), was premature because a Clerk's default must be entered prior to the entry of default judgment. Thus, that motion was due to be denied on that basis. *See Bardfield v. Chisholm Properties Circuit Events*, LLC, No. 309cv232/MCR/EMT, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010), report and recommendation adopted, No. 3:09cv232/MCR/EMT, 2010 WL 2278459 (N.D. Fla. June 4, 2010) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there

must be an entry of default as provided by Rule 55(a)") (citation omitted). Even if a default had been issued,[1] the Court may set it aside for "good cause," which is a "liberal" and "mutable" standard. Fed. R. Civ. P. 55(c); *Perez*, 774 F.3d at 1337 n.7. Because the Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible," and has expressed a "strong preference that cases be heard on the merits," *Perez,* 774 F. 3d at 1342, defaults are seen with disfavor. *Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984)). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Kilbride v. Vrondran,* No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted).

ACCORDINGLY, it is hereby

**ORDERED:**

Motion for Reconsideration (Doc. 30) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

[1] In fact, "[a] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1337 (11th Cir. 2014) (citing 10A Wright & Miller, § 2692 at 85).