UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN TIMOTHY BRANTLEY,

        Plaintiff,

v.                                    Case No:  2:15-cv-802-FtM-29CM

DRUG ENFORCEMENT
ADMINISTRATION,

        Defendant.

_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff Brian Timothy Brantley's ("Brantley") Motion for Summary Judgment (Doc. 34) filed on January 31, 2017, and Defendant Drug Enforcement Administration's ("DEA") Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment (Doc. 38) filed on March 1, 2017.  Brantley filed a response in opposition to the DEA's cross-motion for summary judgment.  Doc. 39.  Brantley seeks judicial review of the DEA's decision to withhold certain documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Docs. 34, 39.  For the reasons discussed below, the Court recommends that judgment be entered in favor of the DEA due to Brantley's failure to exhaust administrative remedies.

_____

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Brantley submitted two FOIA requests to the DEA, asking the DEA to disclose certain documents related to his prior criminal case.   Docs. 34 at 1-2; 38 at 4; 38-1 at 15, 24.   Relevant here is Brantley's request dated February 12, 2015, which the DEA received on February 20, 2015.   Docs. 34 at 4-7; 38-1 at 24.   In response to this request, the DEA produced sixty-four (64) pages of documents, but withheld fifty (50) pages of documents based on certain exemptions claimed under FOIA and the Privacy Act, 5 U.S.C. § 552a.   Doc. 38-1 at 28-29.   Brantley appealed the DEA's decision to the Director, Office of Information Policy ("OIP"), United States Department of Justice,[2] which OIP closed because Brantley's appeal was untimely.   *Id.* at 33, 39.   On December 28, 2015, Brantley filed a Complaint for Declaratory and Injunctive Relief ("Complaint"), seeking judicial review of the DEA's decision to withhold fifty pages of documents.   Doc. 1.

Brantley specifically contests the DEA's claimed exemptions under 5 U.S.C. §§ 552(b)(7)(C) and (b)(7)(F).   Docs. 34 at 4-6; 39 at 1-4.   He also argues that the requested documents should be released pursuant to the general provision of § 552(b).[3]   Docs. 34 at 4-7; 39 at 4-6.   The DEA responds that statutory exemptions

---

[2] Pursuant to 28 C.F.R. § 16.8(a), a person who submits a FOIA request may appeal an agency's adverse determination to OIP.   28 C.F.R. § 16.8(a).

[3] 5 U.S.C. § 552(b) states that:

Any *reasonably segregable portion* of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record

- 2 -

allow it to withhold the requested documents and asks that judgment be entered in its favor.   Doc. 38.

## I.   Facts

Brantley is a resident of Naples, Florida, who was indicted on four counts related to possession of cocaine with intent to distribute in August 1999.   Doc. 1 ¶ 5. In September 1999, he pled guilty to the count of conspiracy to possess with intent to distribute cocaine.   *Id.* ¶ 9.   During his sentencing, the government alleged that it had evidence of Brantley distributing cocaine to a confidential informant.   *Id.* ¶ 10.

On December 4, 2014, Brantley submitted a FOIA request to the DEA, asking the DEA to release all of his statements that he made to his co-conspirators in relation to his prior criminal case.   *Id.* ¶ 12; Doc. 38-1 at 15.   In a letter dated January 2, 2015, the DEA acknowledged the receipt of Brantley's request.   Doc. 1 ¶ 13; Doc. 38-1 at 17-18.   The DEA assigned a case number to Brantley's request and advised that it had thirty working days from the request's date to respond to the request.   Doc. 38-1 at 17.   The DEA responded to the request in a letter dated January 30, 2015, explaining that Brantley's request did not reasonably describe the records sought and was not filed in accordance with the agency rules.   *Id.* at 20-22.   The DEA allowed Brantley to revise his request.   *Id.* at 21.

Brantley submitted a revised request dated February 12, 2015 to Defendant, asking a copy of the following:

---

where such deletion is made.

5 U.S.C. § 552(b) (emphasis added).   Plaintiff argues that the requested documents are reasonably segregable under this provision.   Doc. 34 at 6.

> (1) statements that I made during the drug transaction on August 10, 1998, in federal case number 2:99-71-CR-FtM-26D, (2) statements that I made during the drug transaction on 1998, in federal case number 2:99-71-CR-FtM-26D and (3) statements that I made during the transaction on February 3, 1999, in federal case number 2:99-71-Cr-FtM-26D.

*Id.* at 24.   The DEA received the request on February 20, 2015, but did not respond until April 1, 2015.   *Id.* at 24, 28-29.   In the meantime, on March 23, 2015, Brantley filed an appeal to OIP, seeking OIP to compel the DEA to produce the requested documents.   *Id.* at 26.   Brantley argued on appeal that he was entitled to the requested documents because the DEA had exceeded its statutory time to respond to his FOIA request.   *Id.*   On April 1, 2015, the DEA responded to Brantley's request and, as noted, produced and withheld certain documents.   *Id.* at 28-29.   On July 6, 2015, OIP found Brantley's appeal moot because the DEA responded to Brantley's request.   *Id.* at 35.

The DEA's response dated April 1, 2015 notified Brantley that it would not only release but also withhold certain documents based on certain statutory exemptions under the FOIA and the Privacy Act, including ones under 5 U.S.C. §§ 552(b)(7)(C) and (b)(7)(F).   *Id.* at 28-29.   The DEA advised Brantley that although he may appeal this decision to OIP, OIP must receive his appeal within sixty (60) days of this decision's date.   *Id.*   Brantley appealed the DEA's decision to withhold certain documents, which OIP received on June 15, 2015.   *Id.* at 33.   On August 10, 2015, OIP closed the appeal because the appeal was untimely.   *Id.* at 39.

## II.   Analysis

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A genuine issue exists "if there is sufficient evidence such that a reasonable jury could return a verdict for either party."   *Great Am. All. Ins. Co. v. Anderson*, 847 F.3d 1327, 1331 (11th Cir. 2017) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).   An issue is material if "it may affect the outcome of the suit under governing law."   *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The purpose of FOIA is "to enable the public to have access to government information unnecessarily shielded from public view."   *Nadler v. U.S. Dep't of Justice*, 955 F.2d 1479, 1484 (11th Cir. 1992), *overruled on other grounds by U.S. Dep't of Justice v. Landano*, 508 U.S. 165 (1993).   Under FOIA, federal agencies must release requested information unless the requested information falls under at least one of nine statutory exemptions.   *Id.*   FOIA allows a district court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from a requesting party.   5 U.S.C. § 552(a)(4)(B).   The court's review of an agency's decision to withhold information is subject to *de novo* review.   5 U.S.C. § 552(a)(4)(B).   FOIA cases are generally handled on motions for summary judgment, once the documents at issue are properly identified. *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008).

Before a party may seek any relief in the federal courts, FOIA requires a party to exhaust all administrative remedies. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citations omitted). The exhaustion of administrative remedies is not a jurisdictional requirement, but a "condition-precedent to filing suit" so that a federal agency may "exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary." *Id.* at 1367-68 (citation omitted). A party has two ways to exhaust administrative remedies: (1) when the agency denies all or part of a party's document request, or (2) the agency does not meet certain statutory requirements. *Id.* at 1368.

FOIA provides statutory time limits governing an agency action. After receipt of a FOIA request, an agency has twenty days, excluding weekends and legal public holidays, to determine whether to comply with the request and to notify the requester of its decision, the reasons, and the right to appeal the decision to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i). Under unusual circumstances specified in the statute, the agency may extend the twenty-day period by providing a written notice specifying the expected date of a determination to the requester. 5 U.S.C. § 552(a)(6)(B)(i). This notice may not specify a date "that would result in an extension of more than 10 working days unless notice is provided allowing the requester to limit the scope of the request." 5 U.S.C. §§ 552(a)(6)(B)(i), (ii); *Salmonson v. Internal Revenue Serv. Dep't of Treasury*, No. 2:14-cv-20-FtM-29MRM, 2016 WL 1055937, at *4 (M.D. Fla. Mar. 17, 2016). If the agency does not comply with the statutory time limits, the requester is deemed to have exhausted his administrative remedies with

respect to his request and may seek judicial review of the request.   5 U.S.C. § 552(a)(6)(C)(i); *Taylor*, 30 F.3d at 1368.

Nonetheless, "after the agency properly responds to a request belatedly but before a lawsuit is filed, the party must actually exhaust administrative remedies before going to court." *Taylor*, 30 F.3d at 1369 (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57 (D.C. Cir. 1990)).   In other words, "[w]here a party has deliberately chosen to wait for a proper response from the agency after initial delay, actual exhaustion [of administrative remedies] must occur before a federal court has jurisdiction to review challenges to administrative action under FOIA." *Id.*   The Eleventh Circuit explained that:

> Congress intended that the administrative route be pursued to its end. It did not mean for the court to take over the agency's decision-making role in midstream or to interrupt the agency's appeal process when the agency has already invested time, resources, and expertise into the effort of responding.

*Id.* (quoting *Oglesby*, 920 F.2d at 64-65).   Thus, the court held that imposing statutory time limits on an agency is to afford "the requesting party a right to seek a judicial order when an agency *completely* fails to comply with the request, and not to provide a perpetual right to sue." *Id.* (emphasis added).   Accordingly, once the agency responds to a FOIA request, even if the response is delayed and after the statutory time period, the requester is required to exhaust administrative remedies with the agency and have his appeal denied before seeking judicial review. *See id.*; *Salmonson*, 2016 WL 1055937, at *5 (citing *Oglesby*, 920 F2d at 64; *Taylor*, 30 F.3d at 1369).

Here, the Court recommends that Brantley was required to exhaust administrative remedies.   The DEA's response dated April 1, 2015 was timely because the response's date was within thirty (30) working days from February 20, 2015, when the DEA received Brantley's request.[4]   Doc. 38-1 at 17, 24, 28; *see* 5 U.S.C. §§ 552(a)(6)(B)(i), (ii).   In fact, regardless of whether the DEA's response was timely, because the DEA responded to Brantley's request, Brantley was required to exhaust administrative remedies before filing any lawsuit with the Court.   *See Taylor*, 30 F.3d at 1369; *Salmonson*, 2016 WL 1055937, at *5.

The Court recommends that Brantley has not exhausted administrative remedies.   In its response to Brantley's request, the DEA advised that Brantley may appeal the DEA's decision to withhold certain documents, but his appeal "must be received" within sixty (60) days from the decision's date.   Doc. 38-1 at 29; 28 C.F.R. § 16.8(a) (2015).   Accordingly, OIP should have received Brantley's appeal on or before June 1, 2015.   Doc. 38-1 at 29; 28 C.F.R. § 16.8(a) (2015).   The regulations provide that for the appeal to be considered timely, it must be postmarked within sixty (60) calendar days after the date of the agency response.   28 C.F.R. § 16.8(a) (2015).   Nonetheless, Brantley's appeal was postmarked June 10, 2015 and was received on June 15, 2015, both of which were beyond the deadline to file a timely

---

[4] The DEA noted in its letter dated January 2, 2015 that it had thirty (30) working days to respond to Brantley's FOIA request because statutory unusual circumstances permitting a ten-day extension of its response time applied to Brantley's request.   Doc. 38-1 at 17.   Unusual circumstances claimed by the DEA are "[its] need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request."   *Id.*; 5 U.S.C. § 552(a)(6)(B)(iii)(I).

appeal.   Doc. 38-1 at 33, 39; *see* 28 C.F.R. § 16.8(a) (2015).   Thus, OIP closed Brantley's appeal for his failure to timely appeal.   Doc. 38-1 at 39.

The regulations clearly state that before seeking judicial review of the agency's adverse FOIA determination, the requester "generally must first submit a *timely administrative appeal.*"   28 C.F.R. § 16.8(d) (emphasis added).   The Eleventh Circuit further has explained that a party's failure to file a timely administrative appeal results in the party's failure to exhaust all available administrative remedies. *Thompson v. Dep't of Navy, Headquarters, U.S. Marine Corps.*, 491 F. App'x 46, 48 (11th Cir. 2012) (affirming the district court's decision to dismiss the complaint for the requester's failure to exhaust administrative remedies because the requester failed to timely pursue all available administrative remedies); *Bonilla v. U.S. Dep't of Justice*, 535 F. App'x 891, 891-94 (11th Cir. 2013) (upholding the district court's grant of summary judgment in favor of the agency for the requester's failure to exhaust administrative remedies because the requester filed an administrative appeal out-of-time).   As a result, the Court recommends that Brantley failed to pursue all available administrative remedies by untimely filing his administrative appeal.   *See* 28 C.F.R. § 16.8(d); *Thompson*, 491 F. App'x at 48; *Bonilla*, 535 F. App'x at 891-94.   For Brantley's failure to timely pursue all available administrative remedies, the Court recommends denying Brantley's motion for summary judgment and granting the DEA's cross-motion for summary judgment.

ACCORDINGLY, it is respectfully

**RECOMMENDED**:

1.     Plaintiff's Motion for Summary Judgment (Doc. 34) be **DENIED**;

2.     Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment (Doc. 38) be **GRANTED**;

3.      Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies; and

3.     Judgment be entered in favor of Defendant.

**DONE** and **ENTERED** in Fort Myers, Florida on this 27th day of July, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Brian Timothy Brantley *pro se*